**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Damon Eli Richardson,<br><br>    Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>    Respondents. | No. CV-23-02517-PHX-DLR (ESW)<br><br>**ORDER** |

    Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Eileen S. Willett (Doc. 14) regarding Petitioner's Petition for Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R found that Grounds One, Two, Four, Seven and Eight are without merit and that Grounds Three, Five, Six and Nine are procedurally defaulted without excuse. The R&R recommends that the Court (1) deny Grounds One, Two, Four, Seven, and Eight, (2) dismiss with prejudice Grounds Three, Five, Six and Nine, and (3) deny a Certificate of Appealability and leave to proceed in forma pauperis on appeal.

    The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. (Doc. 14 at 21.) Petitioner filed objections to the R&R (Doc. 17) and an application for Certificate of Appealability on September 10, 2024. (Doc. 18.) Respondents responded on September 24, 2024. (Doc. 19.) The Court has considered the Petition, Petitioner's objections to the

R&R, and has reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

Petitioner first objects to the R&R's finding that Petitioner's habeas claims are technically not cognizable. Although the R&R made such a finding, its recommendations were not based on it. The R&R recommends that Grounds One, Two, Four, Seven, and Eight be dismissed because Petitioner failed to show that that Arizona Court of Appeals decision denying relief on those grounds was contrary to or an unreasonable application of clearly established federal law or that the decision was based on an unreasonable determination of the facts. The R&R recommends that Grounds Three Five and Six be denied because Petitioner failed to exhaust them in state court. When presenting those claims in state court, Petitioner relied exclusively on state law and did not alert the state court that he was asserting federal constitutional claims. As to Ground Nine, the R&R found that Petitioner did not present it as an issue of federal law to the state courts, so it too was unexhausted. The R&R found that Grounds Three, Five, Six and Nine are procedurally defaulted. Petitioner's objection to the R&R's finding that his habeas claims are technically not cognizable is overruled.

Petitioner next objects to the R&R's recommendation that Ground One of the Petition be denied. Petitioner argues that the Magistrate Judge should have held a hearing and ordered certain "exculpatory" evidence to be produced. Petitioner argues that "the state has failed repeatedly to disclose evidence that would prove innocence." (Doc. 17 at 4.)

The R&R discusses the evidence that Petitioner is claiming was exculpatory, namely text message exchanges between Petitioner and the victim's mother. The R&R notes that the Arizona Court of Appeals found there was no *Brady*[1] violation because the Petitioner knew about the messages when he ped guilty, so their non-disclosure could not have made his plea involuntary. Because *Brady* obligations do not typically extend to information already known to the defendant, the non-disclosure is not a *Brady* violation. Petitioner's objection does not argue or offer evidence to show that the Arizona Court of

---

[1] *Brady v. Maryland*, 373 U.S. 83, 87-88 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith of the prosecution.").

Appeals rejection of his *Brady* claim is contrary to, or involved an unreasonable application of, clearly established Supreme Court Precedent. *See United States v. Agurs*, 427 U.S. 97, 103 (1976). Petitioner's objection to the R&R's recommendation that Ground One be denied is overruled.

Petitioner next objects to the R&R's recommendation that Ground Two be denied. The Arizona Court of Appeals upheld the trial court's dismissal of Petitioner's double jeopardy claim because the record shows he was charged with, and pled guilty to, possessing (or attempting to possess) three separate exploitative images. Because each image constitutes a separate violation under Arizona law. *See State v. Berger*, 134 P.3d 378, 379 (Ariz. 2006). Petitioner has failed to show that the Arizona Court of Appeals rejection of his multiple conviction and sentences claim is contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. Petitioner's objection to the R&R's finding that Ground Two should be denied is overruled.

Petitioner next objects to the R&R's recommendation that Ground Four be dismissed. A threat made during plea negotiations to have the accused reindicted on more serious charges if the accused does not plead guilty, carried out by the prosecutor when a defendant is plainly subject to prosecution for the more serious charges, is not a violation of the Due process of the Fourteenth Amendment. Petitioner has failed to show that the Arizona Court of Appeals denial of Ground Four is contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court or based on an unreasonable determination of the facts. Petitioner's objection to the R&R's finding that Ground Four should be dismissed is overruled.

Petitioner next objects to the R&R's recommendation on Ground Eight, ineffective assistance of counsel ("IAC"), claiming that the R&R was wrong in its finding that his counsel was not ineffective for failing to investigate facts. However, the objection does not point to any specific error in the findings of the R&R. It does not point to any fact counsel failed to find in his investigation or share with Petitioner and which would have changed the outcome of his case. The standard to be applied when assessing an IAC claim is set

forth in *Strickland v. Washington,* 466 U.S. 668 (1984). Petitioner has not shown that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Assuming the facts being alleged by Petitioner are Defense counsel's possession of the text messages between Petitioner and the victim's mother, Petitioner has not shown that disclosure of those text messages would have impacted his decision to plead guilty. Petitioner has not shown that the Arizona Court of Appeals determination that the prosecutor and the trial counsel did not commit misconduct. is contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court, or based on an unreasonable determination of the facts. Petitioner has not shown that his counsel provided ineffective representation. Petitioner's objection to the R&R's finding that Ground Eight should be denied is overruled.

Petitioner next objects to the R&R's recommendation that Grounds Three, Five, Six, and Nine be dismissed for being procedurally defaulted. Petitioner argues that because he did not engage in intentionally dilatory litigation tactics, he should be granted a "Stay-and -abeyance" ruling on those Grounds. However, Petitioner is unable to return to state court to properly exhaust those claims because it is too late under the state's procedural rules. A stay would be futile. Petitioner's objection to the R&R's recommendation that Grounds Three, Five, Six, and Nine be dismissed for being procedurally defaulted is overruled.

**IT IS ORDERED** as follows:

1. Petitioner's objections (Doc. 17) are **OVERRULED**;
2. Petitioner's "Application for Certificate of Appealability from the District Court" (Doc. 18) is **DENIED**;
3. The R&R (Doc.14) is **ACCEPTED**;
4. Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** with prejudice;
5. A Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the Petition is justified by a plain

procedural bar and jurists of reason would not find the procedural ruling debatable, and Petitioner has not made a substantial showing of the denial of a constitutional right;

6. The Clerk of the Court shall enter judgment accordingly and terminate this case.

Dated this 28th day of January, 2025.

Douglas L. Rayes
Senior United States District Judge